UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

JAMES EDWARD HOOKS, a/k/a Big
James,

             *Defendant-Appellant.*

}

No. 03-4099

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-01-33)

Submitted: July 10, 2003

Decided: July 17, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

## COUNSEL

J. Charles Jones, Charlotte, North Carolina, for Appellant. Robert
John Gleason, Assistant United States Attorney, Charlotte, North Car-
olina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Edward Hooks appeals his conviction and sentence after he pled guilty to two counts of possession with intent to distribute cocaine base and marijuana, in violation of 21 U.S.C. §§ 841(b), 851 (2000), and one count of use, carry, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). The Government sought an enhanced sentence pursuant to 21 U.S.C. § 851 (2000), based upon Hooks's two previous felony drug convictions. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but raising the issues of whether two prior convictions for drug crimes were properly used to enhance Hooks's sentence under § 851, and whether Hooks was entitled to a downward departure based upon substantial assistance. Hooks was advised of his right to file a pro se supplemental brief, but did not do so. Finding no reversible error, we affirm.

At sentencing, Hooks objected to an enhanced sentence and asserted that he had not been convicted of the drug offenses listed in the information filed by the Government pursuant to § 851. Hooks did not file a response to the information as required by § 851(c); nor did he object to the presentence report that listed these two convictions in the summary of his criminal history, or provide any information or evidence to demonstrate that these convictions were nonexistent or invalid. Our review of the record convinces us that the district court correctly concluded that the existence of these convictions was adequately established and that Hooks's sentence was properly enhanced.

Hooks's attorney also stated at sentencing that Hooks had been unable to receive a downward departure based upon substantial assistance to the Government because Hooks's religious beliefs precluded him from providing information implicating others. On appeal, counsel repeats this assertion of an inescapable conflict between the prerequisites for a substantial assistance departure and Hooks's religious beliefs. To the extent Hooks asserts error by the district court at sentencing on this basis, we find no error. It is undisputed that Hooks did not provide any assistance to the Government, and accordingly, he

was not entitled to a motion for a downward departure. Moreover, Hooks's religious beliefs "are not relevant in the determination of a sentence." *U.S. Sentencing Guidelines Manual* § 5H1.10 (2001).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hooks's convictions and sentence. We remand the case to the district court for correction of a clerical error in the judgment order. *See* Fed. R. Crim. P. 36. Specifically, the list of offenses on page one of the order omits Count 2. This error does not affect the validity of Hooks's convictions or sentence.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*